| | | |
|---|---|---|
| Lifetime Industries, Inc.<br>53208 Columbia Drive<br>Elkhart, IN 46514<br><br>   Plaintiff,<br><br> v.<br><br>Trim-Lok, Inc.<br>6855 Hermosa Circle<br>Buena Park, CA 90622<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br><br><br><br>Civil Action No. 3:16-cv-559<br><br><br>**JURY TRIAL DEMAND** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Lifetime Industries, Inc. ("LTI", "Plaintiff"), by and through the undersigned counsel, files this Complaint for Patent Infringement against, Trim-Lok, Inc. ("Defendant"), and hereby alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for patent infringement. Plaintiff's claims are based on the unauthorized, infringing manufacture, use, sale, and offer for sale by Defendant of seal products including, for example, components for a two-part seal for a slide-out room.

### THE PARTIES

2. Plaintiff is a corporation organized and existing under the laws of the State of Minnesota having a principal place of business at 53208 Columbia Drive, Elkhart, Indiana 46514.

3. Defendant is a corporation organized and existing under the laws of the State of

California having a principal place of business at 6855 Hermosa Circle, Buena Park, California, 90622, a sales office at 1507 South Olive Street, South Bend, Indiana 46619, and a manufacturing and distribution facility at 1642 Gateway Court, Elkhart, Indiana 46514.

## JURISDICTION AND VENUE

4. This is an action for patent infringement of United States Patent No. 6,966,590 ("the '590 patent") arising under the provisions of the Patent Laws of the United States, 35 U.S.C. §§ 271, 281 and 283-285. Plaintiff owns the '590 patent and holds rights to sue and recover damages for infringement thereof, including past infringement. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Defendant makes, offers for sale, and sells infringing products and components of infringing products which are the subject of the patent infringement cause of action set forth herein.

6. Defendant has committed acts of patent infringement, including making, offering for sale, and selling infringing products and components within this judicial District.

7. This Court has personal jurisdiction over Defendant. Defendant does and has done substantial business in this District by having a manufacturing and distribution facility in this District. Defendant's facility distributes products, including those that infringe Plaintiff's '590 patent, and places them into the stream of commerce. Defendant has committed and continues to commit acts of patent infringement in this District.

8. Venue is proper in this Court pursuant to 28 U.S.C. §§1391 and 1400(b) because Defendant is subject to personal jurisdiction in this District and has committed and continues to commit acts of patent infringement that give rise to the claims alleged within this District.

## PATENT-IN-SUIT

9. On November 22, 2005, the United States Patent and Trademark Office duly and legally issued the '590 patent titled "Two-Part Seal for a Slide-Out Room." A true and correct copy of the '590 patent is attached to this Complaint as Exhibit A.

10. All maintenance fees for the '590 patent which have come due have been paid and the patent has not expired. The '590 patent has not been found invalid by any court or agency.

11. Various manufacturers, including Forest River, Inc. ("Forest River") manufacture and sell recreational vehicles and mobile living quarters ("RV") from facilities in Elkhart County, Indiana. A network of distributors and resellers offer RVs manufactured by Forest River for sale to the general public.

12. Plaintiff currently produces, sells, and distributes two-part seals covered by the '590 patent (collectively, "LTI Seals"). The LTI Seals include a mounting portion and a separate bulb portion that slidably connects to the mounting portion. LTI Seals as covered by the '590 patent are shown in Exhibit B.

13. Defendant makes, uses, sells, and offers for sale a seal ("Accused Product") that, once installed on an RV, infringes one or more claims of the '590 patent under United States law. The Accused Product is shown in Exhibit C.

14. On July 15, 2016, the Accused Product was discovered by Henry Lace, an application technician for the Plaintiff, during a routine visit at Forest River. The Accused Product was located in an area of Forest River's manufacturing facility in a location where slide-out seals are installed.

15. The Accused Product, as observed by Henry Lace, was located in a container bearing the name "Trim-Lok." Further, the Accused Product was marked with other information that tied it to Defendant at spaced intervals along its length.

16. Defendant's offers for sale of the Accused Product were disclosed to

representatives of the Plaintiff when representatives of Forest River referred to price quotes from Defendant for the Accused Product during a meeting with representatives of the Plaintiff.

17. Andrew Busch ("Busch"), an engineer previously employed by Plaintiff, left Plaintiff on or around March 1, 2013. Busch had knowledge of the '590 patent and products covered thereby. Busch participated in the design of the LTI Seals while employed by Plaintiff. Within one month of leaving employment with Plaintiff, Busch began employment with Defendant. Defendant had notice of the '590 patent at the time Busch began employment with Defendant. Busch was employed by Defendant before June 2013 and continues to be employed by Defendant at their facility in Elkhart, Indiana.

18. Daryl Torrey ("Torrey"), an engineer previously employed by Plaintiff, left Plaintiff on or around May 3, 2013. Torrey had knowledge of the '590 patent and the products covered thereby. Torrey participated in the design of the manufacturing equipment and tooling for LTI products covered by the '590 patent while employed by Plaintiff. Within one month of leaving employment with Plaintiff, Torrey began employment with Defendant. Torrey was employed by Defendant prior to June 2013 and continues to be employed by Defendant at their facility in Elkhart, Indiana.

19. Torrey or Busch, with knowledge of the '590 patent, contributed to or designed the Accused Product.

20. Defendant did not make Accused Product prior to Defendant's employment of Busch or Torrey.

21. Defendant hired Busch and Torrey for the purpose of making seals for the RV industry and exploiting relationships they had with existing customers of the Plaintiff.

22. Defendant gained knowledge of Plaintiff's '590 patent from at least one former LTI employee before June 2013. Further, Plaintiff became aware of the '590 patent when Plaintiff filed a Complaint for Patent Infringement in this District on August 12, 2013 for another

product infringing the '590 patent (see *Lifetime Industries, Inc. v. Trim-Lok,* 3:13-cv-00819-RLM-MGG (N.D. Ind 2013)). The complaint and exhibits specifically explained the '590 patent in detail and included allegations of infringement.

23. The explanation of the '590 patent and prior allegations of infringement put Defendant on notice that the Accused Product infringed the '590 patent.

24. It is commonplace in the RV industry for suppliers of seals to make routine visits to RV manufacturing locations for assistance with seal installation or to directly install seals for troubleshooting and training purposes. This is especially the case with newly introduced products.

25. At least one representative, agent, or employee of the Defendant visited an Elkhart, Indiana, Forest River manufacturing plant where RVs are manufactured in or around July 2016. This individual was acting on behalf of the Defendant. While at Forest River, Defendant's representative, agent, or employee assisted with the installation, directed the installation, or directly installed the Accused Product on an RV having a slide-out room.

26. Defendant was aware Forest River would only use the Accused Product on RVs having slide-out rooms. The RV at Forest River used for installation of the Accused Product was chosen because it had a slide-out room.

27. Defendant has submitted quotes, provided samples, sold, or offered for sale the Accused Product to Forest River, who manufactures RVs with slide-out rooms. The quotes were specifically directed towards products and components that infringed the '590 patent.

28. Defendant had knowledge that its Accused Product infringed the '590 patent before Defendant made, sold, or offered it for sale.

29. Defendant has not offered to buy or license the '590 patent from Plaintiff.

30. Defendant has solicited sales of the Accused Product to RV manufacturers, specifically for use with sealing slide-out rooms.

## COUNT 1: DIRECT INFRINGEMENT OF THE '590 PATENT

31. Paragraphs 1 through 30 of Plaintiff's Complaint are incorporated into Count 1 of Plaintiff's Complaint as if fully set forth herein.

32. Defendant, without authorization by Plaintiff, has directly infringed and continues to infringe at least one claim of the '590 patent in violation of 35 U.S.C. §271(a), literally or by doctrine of equivalents by making, using, offering for sale, or selling the Accused Product on RVs, or by combining the Accused Product with RVs having slide out rooms in the United States.

33. Claim 1 of the '590 patent covers a resilient seal used in combination with mobile living quarters, which includes RVs. An RV, according to Claim 1, has a slide-out room defining an interior space, and having a first sidewall having an exterior side with an opening through the first sidewall in which the slide-out room is shifted between open and closed positions. The slide-out room includes a second sidewall spaced from the first sidewall and an end wall defining interior space within the slide-out room. The slide out room includes a peripheral flange that overlaps the first sidewall when the slide-out room is in its closed position. The seal, according to Claim 1, has a mounting portion attached to the first sidewall along the opening and a separate bulb portion. The bulb portion is slidably connected to the mounting portion for compressible contact with the flange of the exterior wall when the slide-out room is in its closed position. The Accused Product is manufactured for use with an RV with a slide-out room and was found to be installed by persons other than Plaintiff on a Forest River RV in combination with a slide-out room. The Accused Product requires a mounting portion (Ex. B, Mounting Portion), which was attached to the first sidewall. The Accused Product has a separate bulb portion (Ex. B, Bulb Portion) that is slidably connected to the mounting portion (Ex. B, Mounting Portion). As installed on the RV at Forest River, the bulb portion has compressible contact with the flange of the exterior wall. As installed, the Accused Product contains each and every element of Claim 1,

and therefore infringes Claim 1.

34. Combining the Accused Product with an RV having a slide-out room infringes Claim 1. Defendant installed the Accused product on an RV, making the combination of Claim 1 and therefore Defendant infringed Claim 1.

35. Claim 2 of the '590 patent depends from Claim 1 and further specifies a tongue and groove connection between the bulb and mounting portion. The Accused Product utilizes a tongue and groove design to connect the bulb portion to the mounting portion (Ex. B, Tongue & Groove). The Accused Product that Defendant combined with an RV contains each and every element of Claim 2, and therefore infringes Claim 2.

36. Claim 6 of the '590 patent covers a method of attaching a seal to mobile living quarters having a slide-out room defining an interior space, and having a first sidewall having an exterior side with an opening through first sidewall in which the slide-out room is shifted between open and closed positions. The slide-out room includes a second sidewall spaced from the first sidewall and an end wall defining interior space within the slide-out room. The slide out room includes a peripheral flange that overlaps the first sidewall when the slide-out room is in its closed position. The seal includes an elongated mounting portion and an elongated bulb seal portion, Claim 6 includes the following steps:

    a) affixing the mounting portion to the first wall adjacent to the opening using both adhesive and mechanical fasteners;

    b) attaching the bulb seal portion to locate the bulb portion in compressed engagement with and between the first sidewall and the flange when the slide-out room is in its closed position;

    c) sliding the bulb seal along the attached mounting to a selected position; and

    d) maintaining the selected position of the bulb seal portion to the mounting portion by fastening the bulb seal portion to the mounting portion.

Defendant installed the Accused Product according to the steps of Claim 6, and therefore infringes Claim 6.

37. Defendant will knowingly and intentionally continue to engage in infringing behavior unless enjoined by this Court and has made, offered for sale, and sold the infringing Accused Product after knowing of the '590 patent.

**COUNT 2: INDUCED INFRINGEMENT OF THE '590 PATENT**

38. Paragraphs 1 through 37 of Plaintiff's Complaint are incorporated in Count 2 of Plaintiff's Complaint as if fully set forth herein.

39. Defendant, without authorization by Plaintiff, has knowingly and intentionally induced and continues to induce Forest River to infringe at least one claim of the '590 patent in violation of 35 U.S.C. §271(b), by encouraging Defendant's customers, resellers, or distributors, to make, use, offer for sale, or sell the Accused Product in combination with RVs having slide-out rooms in the United States.

40. Defendant knowingly and intentionally caused Forest River to incorporate the Accused Product into RVs having slide-out rooms and intentionally caused Forest River to commit acts which constituted direct infringement of the '590 patent. The activities of the Defendant with regard to Forest River constituted induced infringement by the Defendant.

41. The Accused Product as installed on an RV directly infringes at least one claim of the '590 patent. Forest River's making, using, offering for sale, and selling of an RV having the Accused Product constitutes direct infringement of the '590 patent.

42. Defendant intentionally targeted Forest River to incorporate the Accused Product into RVs with slide-out rooms, knowing that incorporating the Accused Product on an RV infringed the '590 patent. Defendant intended Forest River to incorporate the Accused Product into an RV having a slide-out room and infringe the '590 patent.

43. Defendant influenced Forest River to include the Accused Product as a component of their RVs, knowing that such combination would fulfill all elements of at least one claim of the '590 patent. Further, Defendant fully intended to encourage another's infringement by encouraging the use of the Accused Product on RVs with slide-out rooms.

44. Defendant, Employees, representatives, or agents provided Accused Product and assisted or directed the installation of the Accused Product at Forest River, knowing the installation of Accused Product infringed the '590 patent. Defendant has, through its activities relating to the installation of the Accused Product, shown intent to induce infringement of the '590 patent by Forest River.

45. Defendant's intent to make, use, offer for sale, or sell the Accused Product was specific for use on RVs having slide-out rooms. Defendant only solicited sales of the Accused Product to Forest River for making RVs with slide-out rooms, knowing the installation of the product would result in direct infringement of the '590 patent.

46. It can be inferred from the Defendant's sales calls, providing of quotes, visits, and installation of the Accused Product on RVs with slide-out rooms that Defendant intended Forest River to infringe the '590 patent.

47. By supplying Forest River with the Accused Product, Forest River incorporated the Accused Product into an RV and therefore was induced to infringe the '590 patent.

## COUNT 3: CONTRIBUTORY INFRINGEMENT OF THE '590 PATENT

48. Paragraphs 1 through 47 of this Complaint are incorporated in Count 3 of Plaintiff's Complaint as if fully set forth herein.

49. Defendant, without authorization by Plaintiff, has and continues to knowingly and intentionally contribute to infringement by Forest River of at least one claim of the '590 patent in violation of 35 U.S.C. § 271(c), by making, using, offering for sale, or selling the Accused

Product on RVs with slide-out rooms in the United States. Such making, using, offering for sale, or selling the Accused Product to Forest River with the knowledge that it is especially adapted for infringing use and with the intent that another party infringes the patent constitutes contributory infringement by Defendant.

50. The Accused Product as installed on an RV directly infringes at least one claim of the '590 patent.

51. Forest River's making, using, offering for sale, or selling of an RV having the Accused Product constitutes direct infringement.

52. The Accused Product is not a staple article of commerce suitable for non-infringing use; the Accused Product has no use apart from sealing a slide-out room. The Accused Product contains features only useable for sealing a slide-out room and serves no use apart from that application. Defendant's customers, including Forest River, only use the Accused Product on their RVs having slide-out rooms.

53. Defendant intended Forest River to infringe the '590 patent by assisting with the installation of the Accused Product in an infringing manner. Intent is demonstrated by production of the Accused Product, quotes for the same, and sales calls to Forest River regarding the Accused Product with Defendant's knowledge that Forest River would infringe the '590 patent when Forest River installed the Accused Product on RVs having slide-out rooms.

54. Defendant's intent to make, use, offer for sale, or sell the Accused Product was specific for infringing use on RVs having slide-out rooms. Defendant only solicited sales of the Accused Product to Forest River for making RVs with slide-out rooms, knowing the installation of the product would result in direct infringement of the '590 patent.

55. Defendant, knowing of the '590 patent and that the Accused Product would infringe, took active steps to contribute to another's infringement by assisting RV manufacturers with installation of the Accused Product in their RVs having slide-out rooms.

56. Defendant was aware Forest River could only use the Accused Product in an infringing manner on RVs having slide-out rooms.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment in its favor:

a) declaring the '590 patent is directly infringed by Defendant;

b) declaring the Defendant induced infringement of the '590 patent;

c) declaring the Defendant has contributorily infringed the '590 patent;

d) declaring Defendant's infringement of the '590 patent has been willful;

e) declaring Defendant be preliminarily and permanently enjoined from manufacturing, using, selling and offering to sell the infringing product in the United States prior to the expiration of the '590 patent;

f) declaring this case is exceptional within the meaning of 35 U.S.C. § 285;

g) awarding damages adequate to compensate it for Defendant's infringement of the '590 patent including lost profits, but in an amount no less than a reasonable royalty, and that such damages be trebled according to 35 U.S.C. § 284;

h) awarding all costs and expenses of this action, including reasonable attorneys' fees; and

i) awarding Plaintiff such further relief as the Court may deem just, necessary, and proper.

S/Michael D. Marston  
Michael D. Marston

Dated: August 22, 2016

Respectfully submitted,

S/Michael D. Marston
Michael D. Marston
mmarston@bhlawyers.net
Garrick T. Lankford
glankford@bhlawyers.net
Botkin & Hall, LLP
Suite 400, Jefferson Centre
106 East Jefferson Blvd.
South Bend, IN 46601-1913
Phone: (574) 234-3900
Facsimile: (574) 236-2839
*Attorneys for Plaintiff*