UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LIFETIME INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:16-CV-559 JD |
| | ) |
| TRIM-LOK, INC., | ) |
| | ) |
| Defendant. | ) |

## **OPINION AND ORDER**

Plaintiff Lifetime Industries, Inc. owns a patent on a seal used around slide-out rooms in recreational vehicles. The seal serves to prevent water and air drafts from entering the gap between the slide-out room and the wall of the RV. Lifetime filed this suit against Trim-Lok, Inc., asserting claims for direct, induced, and contributory patent infringement. Lifetime alleges that Trim-Lok manufactures a seal that, when installed on an RV, infringes the patent in question. It further alleges that Trim-Lok is liable because its employees have performed that installation in at least some cases, and have also assisted and trained its customer in installing the seal, knowing that the customer would thereby infringe. Trim-Lok has moved to dismiss the complaint, arguing that Lifetime failed to plausibly allege any of the claims. Its arguments are each premature, however, as they rely on matters such as the proper claim construction, the identity of specific witnesses or evidence, or the likelier of competing inferences. Each of those issues can be raised at the appropriate stage of the case, but not the pleading stage, at which Lifetime's allegations are presumed to be true and the inferences must be drawn in its favor. Accordingly, the Court denies the motion to dismiss.

## I.  FACTUAL BACKGROUND

Plaintiff Lifetime Industries, Inc. is in the business of creating custom sealing solutions for recreational vehicles, especially those with slide-out rooms. Seals are necessary around those rooms in order to prevent water, debris, or air drafts from entering the RV. Lifetime owns a patent for one such seal that it developed, United States Patent No. 6,966,590. Three of the claims in that patent are at issue here. Claim 1 is for a "resilient seal" used in combination with an RV having a slide-out room, where the seal includes two portions: a mounting portion that attaches to the wall of the RV, and a bulb portion that slidably connects to the mounting portion such that it maintains compressible contact between the wall of the RV and the flange of the slide-out room when the slide-out room is in its closed position. Claim 2 includes the same seal and RV as in Claim 1, but further specifies that the mounting portion and bulb portion are connected with a tongue and groove design. Notably, both of these claims are combination claims, meaning that they do not cover the seals alone, but apply only when those seals are used in combination with an RV having a slide-out room. Other claims in the patent that are not at issue here also include a separate "wiper" portion that extends from the seal to the side of the slide-out room, so as to maintain a seal between the wall of the RV and the slide-out room even as the slide-out room moves in and out.

The patent also includes a method claim under Claim 6, which sets forth a process for installing the seal. The patented method entails the following steps: (1) affixing a mounting portion to an RV "using both adhesive and mechanical fasteners"; (2) attaching the bulb portion such that it remains in compressed engagement between the RV and the flange of the slide-out room when the slide-out is in its closed position; (3) sliding the bulb portion along the mounting portion; and (4) fastening the bulb portion to the mounting portion once it is in place.

Lifetime alleges in this action that one of its competitors, defendant Trim-Lok, Inc., has begun selling a seal that, when installed on an RV with a slide-out room, infringes on the '590 patent. The seal includes a mounting portion that attaches to the side of an RV, and a bulb portion that slidably connects to the mounting portion with a tongue and groove connection. The bulb portion also includes a wiper that extends to the side, such that it can maintain contact with the side of the slide-out room as it moves in and out. While visiting the plant at which one of its customers, Forest River, assembles its RVs, a Lifetime employee saw this seal installed on an RV. A Forest River employee stated that the seal had been made by Trim-Lok. Lifetime later learned that Forest River began a seventy-five-RV build using this seal, each of which Lifetime contends would infringe on the '590 patent once installed.

Lifetime alleges that Trim-Lok's own employees installed the seal on Forest River's RVs in at least some instances, and that they also provided assistance and instruction on how to install the seal so that Forest River could do so properly on its own. Lifetime notes that it is customary in the industry for seal manufacturers to be present at their customers' plants to provide training and assistance with installation of seal. In addition, particularly with new seals, the seal manufacturers will install them on RVs to prove that they work correctly and to demonstrate their proper installation. This allows them not only to demonstrate that the seals perform well, thus enhancing their sales, but also to ensure that their customers will install the seals correctly, which reduces later warranty claims. Lifetime specifically alleges that Forest River requires its seal manufacturers to be present in their facility to provide assistance with installation, and that Trim-Lok's employees performed the installation of the seal in question on an RV with a slide-out room at least once.

Lifetime also alleges that Trim-Lok has intimate knowledge of the '590 patent and its claims, such that it would know that the seal in question would infringe on that patent. First, two former Lifetime employees became thoroughly familiar with the '590 patent and its coverage by working on that product during their employment with Lifetime. Both of those employees left Lifetime and then immediately began working for Trim-Lok, thus giving it that knowledge of the '590 patent. In addition, these same two parties have previously litigated over this same patent. Although the previous cases involved a different infringing product, Lifetime alleges that Trim-Lok gained a thorough knowledge of the '590 patent and its coverage through those actions. Thus, Lifetime alleges that Trim-Lok was aware at the time it supplied the seals in question that they would infringe on the '590 patent once installed on an RV with a slide-out room.

## II.  STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its

4

judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

## III.  DISCUSSION

Lifetime's amended complaint asserts claims for direct infringement, induced infringement, and contributory infringement. In short, Lifetime asserts that Trim-Lok directly infringement the patent when its own employees installed the seal onto an RV, and indirectly infringed when its customer performed the installations using the seals and instructions provided by Trim-Lok. Trim-Lok moves to dismiss each of the claims. The Court first addresses the claim for direct infringement, after which it addresses the claims for indirect infringement.

**A.     Direct Infringement**

Lifetime first claims that Trim-Lok directly infringed its patent. Direct infringement occurs when a party "without authority makes, uses, offers to sell, or sells any patented invention." 35 U.S.C. § 271(a). This form of infringement "is a strict-liability offense." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). Lifetime's direct infringement claim is somewhat narrow. It concedes that the '590 patent is a combination patent, meaning it requires not only the seal, but also an RV. Lifetime also concedes that Trim-Lok itself only manufactures seals, not RVs, and that its manufacturing of the seal alone does not directly infringe on the patent. Lifetime contends, though, that Trim-Lok's employees have installed the seal on RVs in at least some cases, and that in doing so they "made" the patented device by assembling its components into a completed version of the patented product, and thus directly infringed on the patent.

In moving to dismiss this claim, Trim-Lok offers a variety of arguments for why the seal is not actually infringing and for why Lifetime's allegations fall short of plausibly alleging Trim-Lok's installation of the seal, but none of those arguments are meritorious at this stage. Trim-Lok

first argues that Lifetime has not alleged that the seal in question actually infringes on the '590 patent. It contends that every component of the '590 patent seal must be resilient, but that the mounting portion of the seal in question is made of aluminum, which is not resilient, so there is no infringement. Though Trim-Lok concedes that the claim does not explicitly state the mounting portion must be resilient, it argues that because the claim is for a "resilient seal," that must mean that every portion of the seal is resilient on its own. However, a seal could fairly be described as a "resilient seal" even if only one of its portions gives the seal as a whole its resilience, and it is mounted by another portion that is not itself resilient. Thus, Lifetime has plausibly alleged infringement by alleging that the infringing product includes a resilient bulb portion that connects to a mounting portion that is attached to an RV. Trim-Lok's argument in support of a more restrictive interpretation of the claim will need to await the claim-construction stage.

Trim-Lok next argues that Lifetime has failed to allege infringement of the method patent in Claim 6 because it has not alleged that the seal was installed according to each step set forth in that claim. Direct infringement of a method patent occurs only when a party has performed all of the steps of a claimed method. *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022 (Fed. Cir. 2015). Here, the method set forth in Claim 6 entails: (1) affixing a mounting portion to an RV "using both adhesive and mechanical fasteners"; (2) attaching the bulb portion such that it remains in compressed engagement between the RV and the flange of the slide-out room when the slide-out is in its closed position; (3) sliding the bulb portion along the mounting portion; and (4) fastening the bulb portion to the mounting portion once it is in place.

Lifetime's complaint could have been clearer in alleging direct infringement of this method, as it does not explicitly allege that Trim-Lok performed each of those steps. However,

between the allegations in the complaint about the seal and its installation, the pictures attached to the complaint showing an installed version of the seal, and the materials included with Lifetime's response brief, Lifetime has adequately alleged that the seal was installed according to each of the steps of this claim. First, the complaint alleges that the bulb was installed on the RV so as to maintain compressible contact between the RV and the slide-out (step 2). It also alleges, and the pictures show, that the bulb portion "slidably connects" to the mounting portion with a tongue and groove design, so it is reasonable to infer that the bulb was installed by sliding it along the mounting portion (step 3) and then fastening it in place (step 4).

  Trim-Lok focuses its argument on this topic by arguing that the complaint does not allege that the mounting portion was affixed using both adhesive and mechanical fasteners (step 1). However, the pictures attached to the complaint show the mounting portion attached with screws, which are mechanical fasteners. In addition, Lifetime attached to its response brief an affidavit by the individual who took the pictures. She states that she personally observed that the mounting portion was attached to the RV with both screws and an adhesive, and that the adhesive is visible (albeit somewhat difficult to make out) in the pictures attached to the complaint.[1] Because those additional statements are consistent with and expound on the materials in the complaint, the Court may consider them even at the pleading stage, and they suffice to allege completion of this step as well. *Echols v. Craig*, 855 F.3d 807, 811 (7th Cir. 2017) ("[N]ew information may even be added on appeal [in support of the plausibility of a complaint] so long as the additional allegations are consistent with the complaint."); *Lang v. TCF Nat'l Bank*, 249 F. App'x 464, 465 n.1 (7th Cir. 2007) (holding that the district court "should

---

[1] In its reply brief, Trim-Lok asserts that the substance in question was actually only caulk, which it contends is a sealant and not an adhesive, but that sort of factual dispute is premature at the pleading stage.

have considered the additional allegations" in the plaintiff's brief in response to the motion to dismiss "that were consistent with [the plaintiff's] complaint"). Thus, the Court finds that Lifetime has plausibly alleged that the seals were installed according to each step of the method in Claim 6.

In its remaining arguments, Trim-Lok contends that, even if the seal is infringing when attached to an RV, Trim-Lok cannot be held liable for that direct infringement because it only makes seals, not RVs. As noted above, though, Lifetime argues that the direct infringement by Trim-Lok occurred when Trim-Lok's employees installed the seals onto the RVs manufactured by Trim-Lok's customer. Even if it does not manufacture each of the components itself, and even if it does not sell the final product, a party commits direct infringement if it assembles the components such that they form a completed version of the patented product. *See Golden Blount, Inc. v. Robert H. Peterson Co.*, 438 F.3d 1354, 1360–63 (Fed. Cir. 2006) (holding that the defendant committed direct infringement in the instances that it assembled the components itself into the complete patented product, and that it committed indirect infringement when it provided the components to its customers along with directions as to how to assemble them into the patented product); *Cross Med. Prods., Inc. v. Medtronic Sofamor Danek, Inc.*, 424 F.3d 1293, 1311 (Fed. Cir. 2005) (noting that direct infringement would have been committed by the party that assembled the components to complete the patented device); *Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 18 (Fed. Cir. 1984) (holding that direct infringement occurs when a party "makes an 'operable assembly' of the components of the patented invention").

Trim-Lok does not dispute that legal premise, but argues that Lifetime has not plausibly alleged that Trim-Lok's employees actually installed the seal on any RVs. However, Trim-Lok's

8

arguments ask far more than what is required at the pleading stage. The complaint expressly alleges that Trim-Lok "installed the Accused Product on an RV having a slide-out room," and that "a Trim-Lok employee installed the Accused Product." [DE 15 ¶¶ 53–54]. It further alleges that it is customary in the industry for seal suppliers "to perform the installation of a new seal at a customer's facility" and that "RV manufacturers producing RVs with slide-out rooms typically demand a representative of the seal manufacturer selling seals for use with slide-out rooms be present to provide training and assistance with installation." *Id.* ¶¶ 18, 53. The complaint also alleges that Forest River in particular "demands a representative of the seal manufacturer be present in their facility to provide assistance with installation." *Id.* ¶ 18. The seal manufacturers have an incentive to provide that service, both to prove that their products work, so as to create more sales, and to make sure that they are installed correctly, so as to minimize warranty claims. *Id.* ¶ 19–21. Trim-Lok's response to these allegations is that they are too speculative because Lifetime "does not identify anybody who can testify" as to who installed the seal, but a complaint need not contain those details. Lifetime's allegations must be accepted as true at this stage, and the inferences must be drawn in its favor, *Reynolds*, 623 F.3d at 1146, and these allegations plausibly allege that a Trim-Lok employee performed the installation of the seal onto an RV in at least some instances.

  Last, Trim-Lok argues that even if its employees installed the seal onto an RV, they would not have performed the last step necessary to assemble the infringing combination, because the slide-out room itself would have to be inserted into the RV after the seal is installed. Again, however, that is a factual argument that is premature at this stage, as nothing in the complaint indicates that the seal would have to be installed before the slide-out room is inserted. In fact, the patent states that one of the main purposes of the invention is to provide "a seal that

9

can be easily assembled and installed around a slide-out room." [DE 15-1 p. 5 (noting also that a problem with prior seals is that they can be difficult to maintain "without taking the slide out room completely out of the wall")]. Trim-Lok argues that "it would make the most sense" to install the seal before the slide-out room, but allegations and inferences need not "make the most sense" to survive a motion to dismiss, they need only be plausible. *Indep. Trust Corp.*, 665 F.3d at 935 ("[A] plaintiff's claim need not be probable, only plausible . . . ."). Thus, Lifetime has adequately alleged that Trim-Lok directly infringed its patent, so the motion to dismiss is denied in that respect.

## B.     Indirect Infringement

Lifetime next asserts two forms of indirect infringement: induced infringement and contributory infringement. These counts allege that, even if the RV manufacturer and not Trim-Lok committed the direct infringement, Trim-Lok induced or contributed to that infringement and should be held liable on that basis. Induced infringement occurs when a party "actively induces infringement of a patent." 35 U.S.C. § 271(b). This form of infringement requires the defendant to know of the patent and to know that the induced acts constitute patent infringement. *Commil*, 135 S. Ct. at 1926. Contributory infringement occurs when a party sells "a component of a patented machine . . . constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use . . . ." 35 U.S.C. § 271(c). This claim requires a plaintiff to show, in addition to an act of direct infringement, that the defendant "'knew that the combination for which its components were especially made was both patented and infringing' and that defendant's components have 'no substantial non-infringing uses.'" *Cross Med. Prods.*, 424 F.3d at 1312 (quoting *Golden Blount, Inc. v. Robert H. Peterson Co.*, 365 F.3d 1054, 1061 (Fed. Cir. 2004)).

10

In responding to these claims, Trim-Lok first argues that they fail because Lifetime has not adequately alleged direct infringement of its patent, as "there can be no inducement or contributory infringement without an underlying act of direct infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Lit.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). However, the Court has already found that Lifetime adequately alleged direct infringement, so that is not a basis for dismissal.

Trim-Lok also argues that Lifetime failed to plausibly allege that it knew that the seal in question would infringe on the '590 patent. The Court disagrees. First, the complaint describes how two of Trim-Lok's employees became intimately familiar with the '590 patent from their prior employment with Lifetime. Given their in-depth knowledge of the patent, it is plausible to infer that they would also know that the seal in question would infringe on that patent. These same two parties have also previously litigated over this same patent, albeit relative to a different infringing product, which likewise supports a plausible inference that Trim-Lok knew not only that the patent existed, but what it covered, meaning that it would have known that the seal at issue here would infringe. In arguing to the contrary, Trim-Lok notes that Lifetime did not send a cease-and-desist letter prior to filing this suit, which it contends means that it was not on notice that this particular seal would infringe on the '590 patent. First, however, the above allegations plausibly meet this element even absent a cease-and-desist letter. And second, Lifetime's initial complaint asserted that this particular seal infringed on the '590 patent, and its amended complaint alleges that Trim-Lok continued engaging in the conduct in question even after the filing of the initial complaint. Thus, even if this was a valid argument as to the initial complaint, it is no defense as to the operative amended complaint. In addition, Lifetime's allegations that Trim-Lok's employees assisted with and provided instruction on the proper installation of the

11

seal suffice to allege that it intended to induce the infringing conduct. Thus, Lifetime has sufficiently pled a claim for induced infringement.

Finally, Trim-Lok argues that the contributory infringement claim fails because there are in fact non-infringing uses for the seal. In particular, it argues that the patented seal, which includes a bulb that maintains compressible contact between two surfaces, could be used to seal a sliding door or in other similar applications. However, the seal Trim-Lok is selling does not only include the bulb portion, which creates a seal when the slide-out room is closed; it also has a wiper portion protruding to the side, so as to maintain contact with the side of the slide-out room even as it opens and closes. The complaint expressly alleges that "[s]eals with wipers and a compressible bulb portion, like the Accused Product, are only useable for sealing slide-out rooms and serve no use apart from that application." [DE 15 ¶ 73]. It further alleges that "[t]he Accused Product has no other use apart from sealing a slide-out room." *Id.* ¶ 74. Given the unique configuration of Trim-Lok's product, those allegations are plausible, so the Court finds that Lifetime has adequately alleged a claim for contributory infringement as well.

## IV.  CONCLUSION

For those reasons, the Court DENIES Trim-Lok's motion to dismiss. [DE 17].

SO ORDERED.

ENTERED:  July 24, 2017

                                          /s/ JON E. DEGUILIO
                                        Judge
                                        United States District Court